# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**GREENBRIER VALLEY MED CENTER,**
**Employer Below, Petitioner**

**FILED**

January 20, 2021
**EDYTHE NASH GAISER,** CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-1066** (BOR Appeal No. 2054295)
                    (Claim No. 2018010372)

**LISA FORREN,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Greenbrier Valley Med Center, by Counsel Mark J. Grigoraci, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Lisa Forren, by Counsel Stephen P. New and Amanda J. Taylor, filed a timely response.

The issues on appeal are temporary total disability and medical benefits. The claims administrator closed the claim for temporary total disability benefits and concluded medical benefits on April 12, 2018. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its May 13, 2019, Order, granted temporary total disability benefits from the date of last payment until June 7, 2018, and ordered the claims administrator to issue a written protestable Order regarding a request for right shoulder surgery. The Order was affirmed by the Board of Review on October 21, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Forren, a registered nurse, injured her right shoulder in the course of her employment on October 26, 2017, while positioning a patient. Right shoulder x-rays taken the following day showed degenerative changes in the acromioclavicular and glenohumeral joints. A right shoulder MRI was performed on December 20, 2017, and showed degenerative acromioclavicular joint disease with impingement, tendinitis, and minor joint effusion. The claims administrator closed the claim for temporary total disability benefits on April 12, 2018.

1

Luis Bolano, M.D., performed an evaluation of Ms. Forren on June 7, 2018. He noted that she was eight weeks post right shoulder injection. Ms. Forren reported that the injection helped her symptoms for two to three weeks. She had also undergone six weeks of physical therapy. Examination showed positive impingement sign and full range of motion. Dr. Bolano diagnosed biceps tendinitis, right rotator cuff tendinitis, and right shoulder joint sprain. It was noted that Ms. Forren failed conservative treatment and surgery was recommended. He noted that he was going to request authorization for right shoulder scope subacromial decompression, rotator cuff debridement, and biceps tendon debridement. Ms. Forren was restricted to sedentary work with no lifting with the right arm.

On August 20, 2018, Marsha Lee Bailey, M.D., performed an independent medical evaluation in which she opined that Ms. Forren had a history of chronic right shoulder pain unrelated to the compensable injury. Dr. Bailey further opined that she suffered a simple right shoulder strain at work on October 26, 2018, which had resolved. She stated that x-rays showed no acute injury and degenerative changes. Dr. Bailey found that Ms. Forren had reached maximum medical improvement and required no further treatment. Dr. Bailey noted a large discrepancy between the activities Ms. Forren reported she was capable of performing and the activities she was seen doing in a March 3, 2018, Facebook video. She stated that the video "created substantial doubt regarding the legitimacy of Ms. Forren's current complaints." Dr. Bailey assessed 3% permanent partial disability for the right shoulder and apportioned the entire amount for preexisting conditions.

Dr. Bolano testified in an October 1, 2018, deposition that Ms. Forren has had work limitations for the entire duration of his care. He stated that she failed conservative treatment and surgery was required. Dr. Bolano testified that he requested authorization for surgery but had received no response. When he last saw Ms. Forren on June 7, 2018, he found that she was capable of returning to work. Dr. Bolano testified that the right shoulder MRI shows degenerative changes in the acromioclavicular joint but opined that the joint was not the cause of Ms. Forren's pain.

On May 13, 2019, the Office of Judges reversed the claims administrator's decision, granted temporary total disability from the last date of payment until June 7, 2018, and Ordered the claims administrator to issue a written protestable Order regarding Dr. Bolano's request for right shoulder surgery. Regarding the request for right shoulder surgery, the Office of Judges found that Per West Virginia Code 23-4-3, the claims administrator must issue a written protestable Order that specifically addresses the treatment requested. In this case, the claims administrator merely stated that the claim was concluded for medical benefits and failed to provide a written protestable Order specifically addressing Dr. Bolano's request for surgery.

Regarding closure of the claim for temporary total disability benefits, the Office of Judge determined that claims administrator erred. The claims administrator's Order was largely based on a March 3, 2018, Facebook video. In the video, Ms. Forren can be seen raising her right arm above her head three times, point with her right arm, and high fiving at shoulder height with her right arm. The Office of Judges estimated the time her arm was at shoulder level or higher to be between

five and ten seconds. The Office of Judges determined that the video does not establish that Ms. Forren exceeded her medical restrictions or fully recovered from her injury.

The Office of Judges noted that Dr. Bolano determined on June 7, 2018, that Ms. Forren required surgery for her right shoulder injury. He testified at deposition that she had work limitations for the entire duration of his care to that point and that she was not capable of working when he saw her in June of 2018. The Office of Judges found that Dr. Bailey determined in her independent medical evaluation that Ms. Forren's subjective complaints were highly questionable in light of the Facebook video. Dr. Bailey opined that the current complaints were the result of preexisting right shoulder joint disease. She stated that any rotator cuff tendinitis, biceps tendinitis, or other right shoulder inflammatory processes that developed as a result of the compensable injury had been treated with injections and steroids. Dr. Bailey noted that she had reviewed a March 28, 2018, independent medical evaluation by P. Kent Thrush, M.D.[1] Dr. Thrush concluded that Ms. Forren reported that her complaints were the result of her compensable injury, but he found no objective evidence in support. Dr. Thrush opined that Ms. Forren had not reached maximum medical improvement. He stated that generally surgery is not needed in this situation but sometimes it is necessary. The opinions of Drs. Bolano and Thrush were found to be more persuasive than that of Dr. Bailey.

The Office of Judges concluded that the Facebook video does not show activity sufficient to establish that Ms. Forren exceeded her work restrictions. Dr. Bolano's restrictions were based on her ability to lift and she was restricted to occasional lifting of no more than ten pounds. The video shows Ms. Forren lifting a spoon, which clearly weighed less than ten pounds. Further, the Office of Judges found that the right shoulder movements seen in the video were extremely brief. The Office of Judges concluded that a preponderance of the evidence indicates Ms. Forren remained unable to work on June 7, 2018, and required further treatment. Therefore, it Ordered that the claim be reopened and that temporary total disability benefits be granted from the date of last payment through June 7, 2018, and further as substantiated by proper medical evidence. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 21, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The claims administrator erred as a matter of law in issuing a blanket denial of medical treatment. West Virginia Code 23-4-3 provides that a claims administrator must issue a written decision addressing specifically requested medical treatment. The claims administrator also erred in closing the claim for temporary total disability benefits. The closure was based on a Facebook video that showed Ms. Forren moving her arm above her head on three occasions for a total of approximately five to ten seconds. The video does not show her exceeding her medical restrictions. Her treating physician opined that she is unable to work and requires further medical care. His opinion was properly found to be more persuasive than that of Dr. Bailey.

---

[1]Dr. Thrush's report was not provided in the record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 20, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4